RICHARD T. KING, Respondent, v. LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK, Appellant; WALTER JEFFREYS CARLIN and S. JAMES KENNEDY, Defendants.— In an action to recover the value of services alleged to have been performed by the plaintiff at the request of appellant through its duly authorized agents, consisting of an investigation of the circumstances attending the making and execution of an alleged will, order denying motion of the defendant, appellant, for summary judgment dismissing the complaint as against it, affirmed, with ten dollars costs and disbursements. The issue of the status of the defendant Kennedy as agent, upon which is dependent the liability not only of that defendant, but of the remaining defendants, including defendant, appellant, is one the determination of which should await trial. The plaintiff is in doubt as to the person from whom he is entitled to redress. (Civ. Prac. Act, § 213.) Although the only express representations of authority claimed by plaintiff were those of defendant Kennedy, plaintiff sets forth other facts from which it may be inferred that the defendant bank through its attorney, the defendant Carlin, had knowledge of the engagement of the services of the plaintiff and ratified such engagement or acquiesced therein. The defendant Kennedy had been in frequent communication with the plaintiff for a number of years and exhibited to him the alleged will at the office of the plaintiff in Port Byron, N. Y. Not only did Kennedy have conferences with the plaintiff at that office, but on one occasion the defendant Carlin also interviewed the alleged forger there. It is undenied that plaintiff obtained and turned over to the appellant, or its attorney, a confession of forgery and the typewriter on which the alleged will was prepared. These and other circumstances show that an issue of fact as to the status of Kennedy is presented, and it is not refuted by the bare conclusions of the defendants that Kennedy was not authorized to engage the plaintiff. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., not voting.

action as limited by plaintiff's bill of particulars and a stipulation supplementing same, is one against the defendant Carlin only to recover the value of services rendered, judgment in favor of that defendant entered upon an order granting his motion for summary judgment pursuant to Civil Practice Rules 113 and 114, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. This record discloses that there are triable issues of fact as to the authority of the defendant Kennedy to bind the defendant-respondent, Carlin, in the former's dealings with the plaintiff, which issues may not be disposed of summarily. The denials of such authority by the individual defendants in the moving affidavits are conclusory in form. In the record otherwise there is a factual showing by plaintiff from which the triers of the facts might infer ratification by the defendant Carlin of the alleged unauthorized employment of plaintiff by the defendant Kennedy, and from which they might infer that the actual authority of Kennedy to bind the defendant Carlin was as alleged by plaintiff. (See *King* v. *Lafayette National Bank of Brooklyn in New York* [bank appellant], *ante*, p. 830, decided herewith.) Lazansky, P. J., Johnston, Taylor and Close, JJ., concur; Hagarty, J., not voting.